**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-4484**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

      v.

DWAYNE ANDRE ADAMS, a/k/a Malik Adams, a/k/a Malik Dwayne Adams, a/k/a Jamaica, a/k/a Dewayne Andre Adams,

      Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, Senior District Judge. (2:18-cr-00011-JPJ-PMS-1)

Submitted: October 21, 2021            Decided: November 4, 2021

Before MOTZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant. Daniel P. Bubar, Acting United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Laura Day Rottenborn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Andre Adams was convicted following a jury trial of one count of unlawful possession of a firearm by a person convicted of misdemeanor domestic violence, 18 U.S.C. § 922(g)(9). Adams appeals, raising three claims: (1) the Government's evidence was insufficient to convict him in light of *Rehaif v. United States,* 139 S. Ct. 2191 (2019); (2) the district court interfered with Adams' ability to present his defense by refusing to allow him to call his previous defense attorneys to testify; and, (3) the district court failed to properly instruct the jury. We affirm.

Adams was charged in a one-count superseding indictment with possession of a firearm and four rounds of ammunition, "knowing he had been previously convicted in a court of a misdemeanor crime of domestic violence, to wit: Domestic Assault and Battery" on January 21, 2005, and April 6, 2010. Although he initially pled guilty, the district court allowed Adams to withdraw his plea after the Supreme Court's decision in *Rehaif.*

At trial, Sergeant Zac Clifton, Wise County Sheriff's Office, testified that, on the evening of December 25, 2017, he responded to a domestic disturbance call involving gunshots fired at Adams' residence. Upon arriving at the residence, Clifton found handgun shell casings in and around the residence and also observed bullet holes in the side of the trailer.

Officer Ryan Adkins also testified that he responded to the call at the Adams' residence that evening and that he observed the same bullet holes in the trailer. Officers obtained an arrest warrant for Adams the following day. When asked where the gun was, Adams showed the officers the gun. Adkins took possession of the gun from Adams and

2

arrested him. The Government also presented evidence establishing Adams' two prior Virginia state court convictions in Tazewell County and Wise County for domestic assault battery.

Adams sought to call the attorneys who had represented him in the state court proceedings to testify that it was not their normal practice to advise a client with an assault and battery conviction that it would be counted in a later federal firearms prosecution. Adams' defense theory was that he did not know that his prior Virginia domestic assault and battery convictions constituted misdemeanor convictions for domestic violence within the meaning of § 922(g)(9). The district court did not allow Adams to do so, concluding that the testimony was not relevant and would likely confuse the jury.

The district court instructed the jury as follows:

> For you to find the defendant guilty, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt: First, that the defendant had been previously convicted of a misdemeanor crime of domestic violence; second, that the defendant knew that he had been convicted of a misdemeanor crime of domestic violence; third, that the defendant knowingly possessed the firearm or any of the ammunition; and, fourth, that the firearm or the ammunition had been transported across the state line at some time before the defendant's possession of the firearm or ammunition. . . .

> The government does not have to prove that the defendant knew that his possession of a firearm or ammunition was against federal law. Similarly, the government does not have to prove that the defendant himself transported the firearm or ammunition across state lines or that he knew that the firearm or ammunition had previously been transported across state lines.

> I instruct you that the defendant's convictions in Wise County and Tazewell County described in the government's evidence were for misdemeanor crimes of domestic violence.

The jury returned a guilty verdict; the district court denied Adams' motion for judgment of acquittal, Fed. R. Civ. P. 29(c). He was sentenced to time served.

On appeal, Adams first challenges the denial of his motion for judgment of acquittal following the jury's verdict. We review de novo a district court's denial of a Rule 29 motion for a judgment of acquittal based on the sufficiency of the evidence. *United States v. Farrell*, 921 F.3d 116, 136 (4th Cir. 2019). "A jury's guilty verdict must be upheld if, viewing the evidence in the light most favorable to the [G]overnment, substantial evidence supports it." *United States v. Haas*, 986 F.3d 467, 477 (4th Cir. 2021) (internal quotation marks omitted), *cert. denied*, 2021 U.S.L.W. 4508933 (U.S. Oct. 4, 2021) (No. 21-5283). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (alteration in original). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *United States Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted).

In his Rule 29 motion, Adams' sole contention was that, in light of *Rehaif*, the Government was required to prove not only that he had been convicted of crimes that met the definition of a misdemeanor crime of domestic violence, but that he knew that his prior convictions counted as such. The district court denied the motion, concluding that:

> The defense argument is simply that Mr. Adams would have to know that he was violating the words of a federal law at the time he possessed the firearm and ammunition. That is not the law. "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could

4

escape conviction if he was unaware of this provision of the United States Code." *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019). The undisputed evidence was sufficient to show that Adams knew he had the predicate convictions — his status — at the time of his possession.

The district court's interpretation of *Rehaif* was correct. *See, e.g., United States v. Benton*, 988 F.3d 1231, 1232 (10th Cir. 2021) (holding that the government need not prove a defendant knew his status under § 922(g) prohibited him from possessing a firearm. Rather, "the only knowledge required for conviction is that the defendant knew (1) he possessed a firearm and (2) had the relevant status under § 922(g) at the time of his possession."). In the felon-in-possession context, the Supreme Court rejected Adams' interpretation of *Rehaif*. *See Greer v. United States*, 141 S. Ct. 2090, 2098 (2021) (noting that "[c]onvicted felons typically know they're convicted felons."); s*ee also United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021) (clarifying that *Rehaif* held that Government must prove knowledge of status, not knowledge that status prohibits firearm possession). We find that the Government presented sufficient evidence to meet its burden of proof and, therefore, the district court properly denied Adams' motion for judgment of acquittal.

Next, Adams challenges the district court's refusal to allow testimony from defense attorneys who represented him in the prior state court misdemeanor proceedings. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018). Adams contends that the district court's refusal to allow his former attorneys to testify prevented him from mounting a defense and constituted structural error. However, Adams' argument is premised on the erroneous assumption that the Government was required to prove that he knew that his prohibited status prevented him from possessing the firearm at issue. Because the Government did

5

not have to prove this, Adams' former attorneys' testimony was irrelevant. Therefore, the district court did not abuse its discretion in excluding them.

Finally, Adams challenges the district court's jury instructions. We "review a district court's decision to give a particular jury instruction for abuse of discretion . . . and review whether a jury instruction incorrectly stated the law de novo." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018) (citations omitted). A jury instruction is not erroneous if, "in light of the whole record, [it] adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Id.* (internal quotation marks omitted). "Even if a jury was erroneously instructed, however, [this court] will not set aside a resulting verdict unless the erroneous instruction seriously prejudiced the challenging party's case." *Id.* (internal quotation marks omitted).

Here, Adams' challenge to the court's instruction relies on the same incorrect understanding of *Rehaif* underlying his other arguments on appeal. Accordingly, we find that the district court neither abused its discretion nor incorrectly stated the law by instructing the jury that "[t]he government does not have to prove that the defendant knew that his possession of a firearm or ammunition was against federal law." *See Greer,* 141 S. Ct. at 2097; *Moody*, 2 F.4th at 196-98.

We therefore affirm Adams' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*